The United States District Court
For South Carolina District

Mitchell Rivers.
        Petitioner

v.

Shane Jackson. Warden, Lee
Correction Institution,

        Respondent.

Petitioner Cross - Summary Judgement
Motion And Memorandum of Law

#25-cv-07862

RECEIVED
USDC CLERK.COLUMBIA, SC
2026 APR -2 PM 12: 12

This court owes no deference to the state court determination under 28 U.S.C.A. Sec. 2254(d)(i)(a) & cum. Supp. 25%. Thus. Petitioner avers that Respondent motion should be dismissed for reasons as follows:

i) Unreasonable Application of Clearly Established "Law And Facts:

        Petitioner contends that state court unreasonably applied Strickland v. Washington. 466 U.S. 668 (1984) to the facts of this case, hence, it is Rivers belief the case is best analyzed under United States v. Cronic. 466 U.S. 648 (1984)

        First. counsel testimony at hearing was as follows:

Q: Okay. Is there reason you didn't object at that Point?

A: I thought the matter had already been decided by Judge Burch and it would have been superfluous.

                Apr. PG 512; lines 20-23

Direct Exam. Con'td

Q: All aight. Based on looking back at this trial, based on Your review of the trial transcript and the opinion issued by the appellate court, do You think that Your failure to object to those items negatively affect his trial?

A: Yes

Q: Okay. And do You also think it negatively affected his appeal?

A: Yes

Apr. PG 516; lines 12-20

Briefs were filed by both Parties (App. PG 419-456) the Respondent devoted a Portion of its brief to addressing the Preservation issue (App. PG 446-448). Court affirmed Rivers conviction by way of a Published opinion. See, State v. Rivers. 411 S.C. 551 (Ct. App. 2015) The court noted that the trial court never ruled on the issue of admission of collateral injuries. Id. at 554. Notably, the court found the issue unpreserved and remarked that the state admitted its strongest argument was the issue was unpreserved.

Counsel admitted that the admission of Prior injuries to child "substantially hindered" his defense of Rivers, counsel also concedced that his failure to object to the admission of the collateral injuries negatively affect Rivers trial and subsequent appeal. Counsel was unfamiliar with the law at the time, he admitted at the evidentiary hearing that he knows now that in similar circumstances he would need to object again in order to Preserve the record. (App. PG 517; lines 5-8) When asked by Respondent whether he believed the trial Judge would have changed his Previous Ruling, had he objected in a timely manner, couple Replied that he is unable to say what Judge would have done

The similarities between State v. Martucci, 38D S.C. 232 (2008) cited by Respondent in their Memorandum of Law (App. PG 531; line 22) and case at bar are like night or day. both received life sentences. and both appeared at emergency rooms with minor children who had Prior injuries.

The actions taken by Martucci are incongruent to the facts in Petitioner's case. As pointed out repeatedly by trial counsel, appellate counsel, and collateral counsel at PCR hearing and PCR appeal, there was no evidence linking the child injuries to Rivers.

Rivers own statements do not lessen the Prejudice he suffered by trial counsel's failure to object to and obtain a ruling on the admissibility of the collateral injuries. Respondent averred that Rivers statements that after he revived his child, he placed him in the Play Pen and went outside to do Yardwork, meet the definition of extreme indifference within the Homicide by Child Abuse Statute.

Respondent has consistently pointed out, the evidence was not introduced to establish the identity of Perpetrator but disprove accident or mistake and establish intent. However, as Court of Appeals correctly held, the evidence fails to establish the intent of Rivers and the collateral injuries are distinct and separate from the ultimate cause of death such they do not rebut the defense of accident or mistake. The Jurisprudence is clear that evidence of this nature must be connected to the accused to be admissible.

Respondent should not be allowed to concede in state court, the evidence does not refute accident or mistake, and now argue in this court it does. Thus, since state conceeded in state court, it must do so now.

The trial and appellate court records, refute any notion counsel was not ineffective for failing to object (See Oral Argument) Respondent comments at oral argument, show that had counsel object. "there is a reasonable Probability the outcome of trial would be different" clearly these facts refute state court analysis.

A. Void For Vagueness Doctrine

Likewise the trial court charged Jury, with aiding and abetting in the commission of this offense. The statute in and of itself, void for vagueness doctrine as it allows the state too breaaden statute and Prove Guilt

under this statute.

The statute inherently criminalizes the specific infliction of abuse, as well as the failure to protect a child from abuse that results in death of that child. The construction of the statute does not articulate this clearly enough for a layman to understand. Thus, the statute does not have a separate "Failure To Act" for section to statute, making its language clearer, and to ensure that courts, defense, and prosecutors understand their duties and possible culpability they will encounter.

Additionally, a separate failure to act section is necessary because, as the statute inherently written, a person who fails to protect a child from abuse may be guilty as a principal under South Carolina Code Ann. Sec. 16-3-85(A)2cum. supp. 257 while a person who knowingly aids and abets which requires an overt act is guilty only as an accomplice under section 16-3-85 (B) and is thus subject to less of a penalty.

Wherefore, it is prayed court grant motion

Date: 3 day of 21 . 2026.

Respectfully Submitted:
s/ _____
Mitchell Rivers /Pro Se