IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Rivers,<br><br>Petitioner,<br><br>v.<br><br>Shane Jackson, *Warden*,<br><br>Respondent. | C/A No. 6:25-cv-7862-SAL<br><br>**ORDER** |

Mitchell Rivers ("Petitioner"), a pro se state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shane Jackson, the warden of the facility where Petitioner is incarcerated, moved for summary judgment. [ECF No. 29.] This matter is before the court for review of the Report and Recommendation ("Report") made by United States Magistrate Kevin F. McDonald and made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 42.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment and denying the petition. Petitioner objects. [ECF No. 51.] For the reasons outlined below, the court adopts the Report and grants Respondent's motion for summary judgment.

## BACKGROUND

The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for purposes of this order, an abbreviated history will suffice.

In October 2010, a Chesterfield County grand jury indicted Petitioner on one count of homicide by child abuse for the death of Petitioner's four-month-old adoptive child. The victim died of asphyxiation. Before trial, the parties filed cross-motions regarding the admissibility of evidence of the victim's collateral injuries, including rib fractures, contusions, and brain bleeding,

discovered during the autopsy. The trial court denied the motion to suppress that evidence. In February 2011, Petitioner was tried before a jury and the Honorable Paul M. Burch, Circuit Court Judge. Petitioner was represented by Assistant Public Defenders Matthew Swilley and Tiffany Gibson ("trial counsel"). Assistant Solicitors Suzanne Mayes and Adam Foard represented the State. When the collateral-injury evidence was introduced during trial, trial counsel did not object. The jury found Petitioner guilty as charged, and the court sentenced him to life imprisonment.

Petitioner appealed his conviction and sentence. Although appellate counsel initially filed an *Anders*[1] brief, the South Carolina Court of Appeals directed the parties to submit further briefing on the issue of whether the trial court erred in admitting evidence of collateral injuries indicative of prior child abuse. After briefing, the court affirmed Petitioner's conviction and sentence, finding that issue unpreserved because it had not been properly raised to and ruled upon by the trial court. *State v. Rivers*, No. 5296, 769 S.E.2d 263 (S.C. Ct. App. Feb. 11, 2015).

In February 2015, Petitioner filed a pro se post-conviction relief ("PCR") application, alleging ineffective assistance of both trial and appellate counsel. Following an evidentiary hearing in July 2017, at which Petitioner was represented by Lance Boozer, Esq., the state court denied the PCR application and dismissed it with prejudice.

Petitioner appealed, raising the following issue:

> Did the PCR court err in denying Petitioner relief, where trial counsel failed to offer a contemporaneous objection, on multiple occasions, to prior injuries suffered by a child, in a homicide by child abuse case, where the evidence of prior injuries was unrelated to Petitioner, and where the Court of Appeals found the issue unpreserved?

[ECF No. 28-5 at 3.] The case was transferred to the South Carolina Court of Appeals, which granted certiorari and directed further briefing. The court of appeals reversed the PCR court's

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

decision and remanded for a new trial, concluding that trial counsel was deficient for failing to renew a pretrial objection to the admission of the victim's collateral injuries and that petitioner was prejudiced. *Rivers v. State*, Unpublished Opinion No. 2023-UP-261, 2023 WL 4489438 (S.C. Ct. App. July 12, 2023).

The State then petitioned for writ of certiorari with the South Carolina Supreme Court. The court granted the petition and reversed the court of appeals. *Rivers v. State*, 916 S.E.2d 335 (S.C. 2025). Although the court did not address counsel's performance, it held Petitioner "ha[d] not demonstrated a reasonable likelihood that excluding the collateral injury evidence would have changed the jury's verdict and [thus] failed to satisfy *Strickland*'s prejudice prong." *Id.* at 342.

Petitioner initiated this action in July 2025 by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following two grounds:

> **Ground One:** Ineffective Assistance of Counsel – Failure to Object
>
> **Supporting Facts:** The Court of Appeals noted that the trial court never ruled on the issue of collateral injuries. Notably the Court of Appeals found the issue unpreserved and remarked the state issued its strongest argument the issue was unpreserved. Counsel presented no reason at pcr hearing as to why he failed to preserve and or object to the ruling. The State Appellate Court deemed this issue was unpreserved f[or] appellate review, because counsel failed to get court to rule upon issue.
>
> **Ground Two:** Did trial court err in admitting evidence of collateral injuries indicative of prior child abuse?
>
> **Supporting Facts:** Additionally, the state maintained the evidence of abuse and neglect established "motive" pursuant to Rule 404(b) SCRE/FRE. In its motion, the state pointed out that evidence of head and scalp injuries, in addition to external abrasions were sustained within general timeframe of the fatal injury. The State Appellate Court, after filing of petition of counsel to be relieved, the court ordered the parties to fully brief question above in ground two of his habeas petition.

[ECF No. 1 at 5, 7 (cleaned up).] On January 5, 2026, Respondent filed a motion for summary judgment, which was fully briefed. [ECF Nos. 28, 29, 38, 40.] On July 9, 2026, the magistrate

judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment. [ECF No. 42.] After receiving an extension, Petitioner filed objections to the Report on September 4, 2026. [ECF No. 51.] Respondent replied on September 16, 2026. [ECF No. 54.] Thus, the matter is now ripe for consideration by the court.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

Because Petitioner is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S.

319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390–91 (4th Cir. 1990).

## II. Review of a Motion for Summary Judgment

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Review of a Petition for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

Having reviewed the record, the briefs of the parties, and the Report, the court finds that the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The magistrate judge recommends that the court grant Respondent's motion for summary judgment. [ECF No. 42.] The court agrees with the magistrate judge's reasoning and adopts the Report in full. Petitioner objects, and the court addresses those objections below.

**I. Grounds Not Properly Before the Court**

Petitioner raised two grounds in his § 2254 petition—(1) the ineffective-assistance-of-counsel claim that was the subject of his PCR appeal, and (2) his direct appeal claim. *See* ECF No. 1 at 5, 7. In his response in opposition to the motion for summary judgment and in his objections to the Report however, Petitioner raises new grounds for relief that were never included in his petition, including one that was never presented in any of his state court proceedings. The court

addresses these arguments first.

In his opposition to Respondent's motion for summary judgment, Petitioner raised a new argument—that the statute under which he was convicted is void for vagueness. *See* ECF No. 38 at 3–4. However, "[h]abeas petitioners cannot assert new claims for the first time in response to summary judgment motions." *Wells v. Wallace*, C/A No.: 2:19-1284-JFA, 2019 WL 5617935, at *5 (D.S.C. Oct. 31, 2019) (citing *Neumon v. Cartledge*, No. 8:14-cv-2556-RMG, 2015 WL 4607732, at *9 (D.S.C. July 31, 2015)); *see also Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) ("By considering, and then granting relief based on, a different factual ground than that originally presented in Folkes' § 2254 petition, the district court considered a claim that Folkes did not raise. In so doing, it permitted Folkes to circumvent AEDPA's framework for how federal courts are to review § 2254 claims raised by state prisoners."). Nor did Petitioner move to amend his petition to raise this new claim. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009) (declining to consider claims that were raised after discovery had begun and without filing a motion to amend). Accordingly, although Petitioner devotes substantial portions of his objections to his "void for vagueness" argument, *see* ECF No. 51 at 1–15, that claim was not properly raised in this habeas action. The court therefore declines to consider it.

Further, as explained in the Report and by Respondent in response to Petitioner's objections, the "void for vagueness" claim is procedurally barred because Petitioner never presented it to the state courts. *See* ECF Nos. 42 at 10–12; 54 at 3. Indeed, Petitioner concedes that he never previously raised the claim. *See* ECF No. 51 at 1; *Picard v. Connor*, 404 U.S. 270, 275–76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" in order to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Petitioner suggests that his procedural

default may be excused based on a fundamental miscarriage of justice or actual innocence. *See* ECF No. 51 at 10–15. But, as noted by Respondent, Petitioner gives only cursory attention to those arguments.[2] *See* ECF No. 54 at 3.

Petitioner also attempts in his objections to connect his "void for vagueness" argument to a claim raised in his PCR application—that appellate counsel was ineffective for failing to challenge the denial of his directed verdict motion on direct appeal. *See* ECF No. 51 at 2, 15–16. However, like his freestanding "void for vagueness" ground, the ineffective-assistance-of-appellate-counsel ground was neither raised in the present petition nor pursued in his PCR appeal. *See Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021) ("[A] claim is procedurally barred if the petitioner 'fail[s] to raise [it] in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision.'"). This claim, too, is therefore not properly before the court.

To the extent Petitioner's objections argue grounds that were not properly raised in his petition or not properly preserved in state court, those objections are overruled.

## II. Ground One

Petitioner objects to the recommendation that this court grant Respondent's motion for summary judgment on Ground One, his claim of ineffective assistance of counsel. In that ground,

[2] To the extent Petitioner's objections could be read as asserting he should be permitted to advance a procedurally-barred claim based on actual innocence, he fails to make the required showing to do so. The Supreme Court has recognized actual innocence as an "equitable exception to § 2244(d)(1) . . . ." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But the category of cases where this exception applies is "severely confined: [it is] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Schlup*, 513 U.S. at 324 (presenting a credible claim of actual innocence requires a petitioner "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Petitioner has not made the requisite showing of actual innocence. His objections are overruled.

Petitioner argues that trial counsel were ineffective for failing to preserve the issue of the admissibility of the victim's collateral injuries. *See* ECF No. 1 at 5. Petitioner raised the issue in his PCR action, and the PCR court denied relief, finding that any error by trial counsel did not result in prejudice. *See* ECF No. 28-3 at 53–56. But the court of appeals reversed, concluding both that trial counsel were deficient and that "the admission of the prior-bad-acts evidence was prejudicial such that it undermine[d] confidence in the outcome of the trial." *Rivers*, 2023 WL 4489438, at *4. The South Carolina Supreme Court, however, found that Petitioner was not prejudiced from the admission of the evidence, thus reversing the court of appeals. *Rivers*, 916 S.E.2d 335.

According to Petitioner, the court of appeals correctly decided this issue. But, as explained in the Report, the South Carolina Supreme Court's decision neither rested on an unreasonable determination of the facts nor involved an unreasonable application of clearly established federal law. *See* ECF No. 42 at 12–15. Accordingly, Petitioner is not entitled to habeas relief. Petitioner objects.

**A. Ineffective Assistance of Counsel**

The court begins by briefly reviewing the relevant law and the two prongs of an ineffective-assistance-of-counsel claim. To state a claim for ineffective assistance of counsel, Petitioner must show (1) that his trial counsel was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, Petitioner must prove that counsel "made errors so serious" that his representation "fell below an objective standard of reasonableness[.]" *Id.* at 687–88. As to the second prong, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

On habeas review, however, a claim for ineffective assistance of counsel—"a deferential analysis in its own right—must be viewed through the deferential lens of Section 2254(d)." *Thompson v. Gansler*, 734 F. App'x 846, 853 (4th Cir. 2018); *see also Harrington*, 562 U.S. at 101 (deeming the standards "doubly" deferential "in tandem"). The question for a federal habeas court "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, while "[s]urmounting *Strickland*'s high bar is never an easy task[,]" proving that "a state's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." The court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

**B. Analysis**

The Report recommends granting Respondent's motion for summary judgment because the South Carolina Supreme Court neither made unreasonable factual findings nor unreasonably applied clearly established federal law in denying relief. Petitioner objects, arguing that the magistrate judge did not adequately consider the court of appeals' decision. *See* ECF No. 51 at 17. That objection is unavailing. The South Carolina Supreme Court reversed the court of appeals on the issue of prejudice, and the higher court's decision is what controls our review. *See Tyler v. Hooks*, 945 F.3d 159, 167–68 (4th Cir. 2019) ("[T]he Supreme Court has made clear that the highest state court decision—regardless of whether there is a reasoned decision below it—is the relevant one for § 2254 purposes." (citing *Wilson v. Sellers*, 584 U.S. 122, 125–26 (2018); *Knowles v. Mirzayance*, 556 U.S. 111, 115, 121 (2009))). As Respondent articulates well—"this Court cannot simply choose to disregard one state court's analysis in favor of another, especially when the other court in question was an inferior tribunal." [ECF No. 54 at 3–4.] Petitioner's objection is

overruled.

Petitioner further argues that the South Carolina Supreme Court's decision was unreasonable. *See* ECF No. 51 at 17–26. Much of this argument, however, focuses on whether trial counsel performed deficiently and whether the collateral-injury evidence was improperly admitted. *See id.* Those were not issues the South Carolina Supreme Court reached. *See Rivers*, 916 S.E.2d at 341 ("Because we find Rivers has not satisfied the prejudice prong, we need not address whether his trial counsel's performance was deficient."), 341 ("[W]e do not reach whether the collateral injury evidence was admissible under Rule 404(b) of the South Carolina Rules of Evidence (SCRE) as res gestae evidence, or as Batter Child Syndrome evidence."). Nor was the court obligated to consider those matters. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Instead, the South Carolina Supreme Court resolved the claim on the prejudice prong, finding that there was no reasonable probability that excluding the collateral-injury evidence would have affected the jury's verdict. *Id.* at 342. In reaching that decision, the court thoroughly reviewed the evidence presented at Petitioner's trial, including testimony from multiple witnesses concerning the victim's collateral injuries and Petitioner's own account of the events leading to the victim's death. *See id.* at 338–40. The court also noted that Petitioner gave three different accounts of those events to law enforcement. *Id.* at 338–39. The South Carolina Supreme Court then explained:

> Section 16-3-85(A)(1) of the South Carolina Code (2015) provides "A person is guilty of [HCA] if the person: (1) causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under circumstances manifesting an extreme indifference to human life . . . ." Extreme indifference is in the nature of 'a culpable mental state . . . and therefor is akin to intent.'" *State v. Jarrell*, 564 S.E.2d 362, 367 (S.C. Ct. App. 2002) (alteration in original) (quoting

> *State v. Vowell*, 634 S.W.2d 118, 119 (Ark. 1982)). In proving extreme indifference, the State is not required "to prove a defendant acted with the intent to harm" but must show the "defendant performed a deliberate act that he or she knew would create a risk of death to the child." *State v. Phillips*, 767 S.E.2d 444, 449 (S.C. Ct. App. 2014), *aff'd as modified,* 785 S.E.2d 448 (2016).
>
> Our courts have found extreme indifference based on omission in extraordinary circumstances. *See State v. Thompson*, 802 S.E.2d 623, 631 (S.C. Ct. App. 2017) (finding extreme indifference where a mother failed to help her child though that child was bleeding through his shirt and that a juror could reasonably infer that either parent beat Victim while the other parent was present and acquiesced in the abuse); *Jarrell*, 564 S.E.2d at 367 (finding extreme indifference where a mother left her child at her residence knowing he would be killed). Even so, extreme indifference does not require extraordinary facts—only that the defendant was aware of the risk of death and disregarded it. *Phillips*, 767 S.E.2d at 449.
>
> Here, Rivers testified that he found Victim unresponsive and performed CPR until the child began wheezing and regained color. Despite Victim's history of severe respiratory issues and recent hospitalization, Rivers placed Victim face down in a playpen without seeking medical assistance or informing anyone and then went outside to do yard work. When Victim stopped breathing again, Rivers—who admitted he did not know CPR—had to be guided by 911 operators in his efforts to resuscitate Victim. Victim's autopsy confirmed that Victim died of asphyxiation.
>
> Rivers' awareness of Victim's medical history, Victim's need for CPR, Rivers' inability to perform CPR, and Rivers' failure to seek assistance after Victim resumed wheezing demonstrated a conscious disregard for the risk of Victim's death. Thus, even assuming the jury accepted Rivers' version of events, his actions established extreme indifference beyond a reasonable doubt. Moreover, the jury could have found Rivers' testimony non-credible and reached an even more unfavorable conclusion as to what happened on the morning of Victim's death.

*Id.* at 342.

Petitioner has failed to show by clear and convincing evidence that the state court's factual findings were unreasonable. Nor is it this court's role to second-guess the South Carolina Supreme Court's interpretation of South Carolina law concerning what constitutes "extreme indifference." *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas

courts [ ] to correct the interpretation by state courts of a state's own laws.").

Nor did the South Carolina Supreme Court unreasonably apply clearly established federal law. Its decision heavily relied on *Strickland* and on other state cases applying *Strickland's* framework. *See Rivers*, 916 S.E.2d at 340–41. Petitioner's objections are overruled. The court finds he has not met his burden under § 2254, and Respondent is entitled to summary judgment on Ground One.

### III. Ground Two

In Ground Two, Petitioner challenges the admission of collateral-injury evidence. The Report recommends granting summary judgment in favor of Respondent on this ground based on procedural default. *See* ECF No. 42 at 15–18. Petitioner does not appear to challenge that recommendation. If anything, his arguments confirm the lack of preservation because Ground One is premised on trial counsel's purported ineffectiveness in failing to preserve the issue for appellate review. *See* ECF No. 54 at 2. The court has nevertheless considered the issue de novo and finds that the procedural bar applies and that Petitioner has shown no cause to excuse the default.

## CONCLUSION

After a de novo review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 42, as set forth above. Respondent's motion for summary judgment, ECF No. 29, is granted, and the petition, ECF No. 1, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

September 21, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."